## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

TRAYMONTE BIRTANNE SNIPES,

     Plaintiff,

v.                                  Case No.  5:21-cv-129-TKW/MJF

STATE OF FLORIDA, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action, has failed to comply with court orders, and has failed to apprise the clerk of the court of his current address, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On January 14, 2021, Plaintiff, proceeding *pro se*, initiated this section 1983 action in the United States District Court for the Middle District of Florida against three Defendants: (1) the state of Florida, (2) Florida Governor Ron DeSantis, and

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

(3) Florida Attorney General Ashley Moody.[2] (Doc. 1 at 1-2). Plaintiff alleged that Defendants violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution. (*Id.* at 3). Plaintiff requested two forms of relief: (1) $1 million in damages; and (2) that the District Court find "the sexually violent predator program mental health experts," State Attorney Bernie McCabe, and Plaintiff's attorney Jeanine Cohen guilty of perjury. (*Id.* at 5). Plaintiff listed his mailing address as:

> Traymonte Birtanne Snipes
> Treasure Coast Forensic Treatment Center
> 96 SW Allapattah Road
> Indiantown, FL 34956

On June 15, 2021, because Plaintiff's allegations related to his confinement at the Northwest Florida Reception Center in November 2019, this action was transferred to the United States District Court for the Northern District of Florida. (Doc. 3). The notice of transfer was returned in the mail as "undeliverable" for lack of a forwarding address. (Doc. 9).

On July 20, 2021, the undersigned ordered Plaintiff to file his complaint on the civil-rights complaint form approved for use in the Northern District of Florida. The undersigned imposed a deadline of August 19, 2021. (Doc. 10). The

---

[2] Plaintiff named three additional Defendants in his allegations. (Doc. 1 at 12-16).

undersigned's order was returned in the mail as "undeliverable" for lack of a forwarding address. (Doc. 11).

On August 25, 2021, the undersigned ordered Plaintiff to explain and show cause why this action should not be dismissed for failure to comply with the undersigned's order and failure to prosecute. (Doc. 12). The undersigned imposed a deadline of September 15, 2021. The undersigned's order was returned in the mail as "undeliverable" for lack of a forwarding address. (Doc. 13). As of the date of this order, Plaintiff has failed to notify the District Court of his current address and has failed to comply with the undersigned's orders.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an

action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

Plaintiff initiated this action in January 2021. Since that time, Plaintiff has failed to notify the District Court of his current address. He has not prosecuted this action in any respect. He also has not complied with the undersigned's orders. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action, has failed to comply with court orders, and has failed to apprise the clerk of the court of his current address, the undersigned respectfully **RECOMMENDS**:

1.      This case be **DISMISSED** without prejudice.

2.      The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this <u>29th</u> day of September, 2021.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**